UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

KARIM CHRISTIAN KAMAL,

    Plaintiff,

    v.

COUNTY OF LOS ANGELES et al.,

    Defendants.

No. CV 17-01986-RGK (DFM)

ORDER TO SHOW CAUSE

On March 13, 2017, Karim Christian Kamal ("Plaintiff") filed pro se a complaint alleging violations of federal and state law, and he paid the $400 filing fee. Dkt. 1 ("Complaint"). Plaintiff alleges that he was "grievously injured" during a motorcycle crash on the Big Tujunga Canyon Road in the Angeles National Forest and that he subsequently sued Los Angeles County ("the County") in state court based on the road's allegedly dangerous condition. Id. at 4. During the course of that lawsuit, Plaintiff alleges, "[t]he County and its agents/attorneys/representatives and co-conspirators obstructed discovery, concealed material evidence, doctored documents,

tampered with evidence, willfully misled . . . [P]laintiff and, based on these fraudulent acts, procured a summary judg[]ment against" him. Id. Plaintiff further alleges that the state-court judges involved in his case issued unconstitutional rulings against him in order to "punish[]" him for "raising issues about the malfeasance and nonfeasance of the County" and that the appellate justices "failed to disclose . . . disqualifying facts" about alleged conflicts of interest. Id. at 5-8.

Plaintiff sues (1) the County[1]; (2) the Los Angeles County Department of Public Works ("DPW"); (3) the Los Angeles County Board of Supervisors; (4) Gail Farber, the Director of DPW; (5) Craig Cline, a DPW engineer; (6) Arnel Dulay, a DPW employee; (7) Joseph A. Farrow, Commissioner for California Highway Patrol ("CHP"); (8) "Commander(s) of the CHP Division for Altadena/Angeles National Forest Area since 2009"; (9) Dustin Sherman, a CHP officer; (10) Los Angeles County Superior Court Judge Donna Fields Goldstein; (11) Los Angeles County Superior Court Judge Samantah P. Jessner; (12) the law firm Hurrell Cantrall LLP; (13) Warren Williams, an attorney representing Los Angeles County; (14) California Court of Appeal Justice Patricia Ann Bigelow; and (15) California Court of Appeal Justice Lawrence Rubin. Id. at 1-4.

Plaintiff alleges five causes of action: that (1) Judges Jessner and Goldstein and Justices Rubin and Bigelow violated his rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment; (2) all Defendants conspired to violate his civil rights; (3) the individual Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (4) all Defendants "procured a judg[]ment against [Plaintiff] by fraud,

---

[1] Plaintiff does not list the County in the section of the Complaint for listing Defendants, but he does list it in the Complaint's caption. See Complaint at 1.

including concealment of material facts"; and (5) all Defendants conspired to commit fraud against Plaintiff. Complaint at 30-33. He seeks $16 million in compensatory damages; unspecified punitive damages; and orders declaring that various state-court orders violated his constitutional rights and are unenforceable. Id. at 33-36.

Because Plaintiff paid the full filing fee and is not a prisoner, the Complaint is not subject to preservice screening under 28 U.S.C. §§ 1915(e)(2) or 1915A. See Brown v. California, No. 11-0707, 2011 WL 5827958, at *1 (C.D. Cal. May 18, 2011), accepted by 2011 WL 5828717 (C.D. Cal. Nov. 18, 2011). The Court may, however, sua sponte dismiss a frivolous, patently insubstantial complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989) (courts lack subject matter jurisdiction to consider "patently insubstantial" complaints); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process." (citations omitted)). A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.

Plaintiff's claims against the four Defendant judicial officers—Judges Jessner and Goldstein and Justices Rubin and Bigelow—are subject to dismissal because they are frivolous. Judicial officers are absolutely immune from liability for acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 9, 11 (1991) (per curiam). Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly, erroneously, or in excess of jurisdiction. Id. at 11-13. Judicial immunity is overcome only when the judge's actions are not taken in his or her judicial capacity or when the actions, though judicial in nature, are taken in the "complete absence of all jurisdiction." Id. at 11-12. And although a judge is not absolutely immune

3

from a suit for prospective injunctive relief, see id. at *10 n.1; Pulliam v. Allen, 466 U.S. 522, 541-43 (1984); § 1983 itself prohibits a grant of injunctive relief against any judicial officer acting in his or her judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable." § 1983; see also Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004).

Here, it is clear that Plaintiff is challenging only acts that the four Defendant judicial officers performed in their judicial capacity. Plaintiff alleges that Judge Goldstein violated Plaintiff's constitutional rights by forwarding her tentative summary-judgment ruling to Judge Jessner; ruling on the defendants' motion for costs; and modifying that ruling after it was on appeal. Complaint at 26. He alleges that Judge Jessner violated his constitutional rights by failing to consider Plaintiff's opposition to the defendants' motion for summary judgment and instead "rul[ing] on Judge Gold[]stein's tentative ruling"; allowing a different plaintiff to proceed on similar claims in state court after granting summary judgment against Plaintiff; failing to inform Plaintiff that Judge Goldstein had forwarded the tentative ruling to her; refusing to hear Plaintiff's motion to set aside the summary-judgment ruling, and failing to disclose that her husband was a "former Los Angeles County Deputy District Attorney." Id. at 27.

Plaintiff alleges that Justice Rubin, who was on the panel of justices who heard Plaintiff's appeal, violated Plaintiff's constitutional rights by "fail[ing] to disclose that he was a former employer of . . . [P]laintiff's sister and that he terminated the employment of the sister in anger over a financial dispute." Id. at 28-29. Finally, Plaintiff alleges that Judge Bigelow, who authored the opinion that upheld the trial court's summary-judgment ruling, failed to disclose that she was in a long-term relationship with "a retired Los Angeles City Fire Department firefighter" who was then the "Commissioner for Safety of La Canada Flintridge" and thus had some association with law

enforcement. Id. at 7-8, 29. All of those actions were taken in the Defendant judges' and justices' judicial capacity. Plaintiff, moreover, does not seek any prospective injunctive relief. As such, those four Defendants are absolutely immune from suit.

IT IS THEREFORE ORDERED that on or before May 16, 2017, Plaintiff show cause in writing why his claims against Judges Jessner and Goldstein and Justices Rubin and Bigelow should not be dismissed because they are barred by absolute judicial immunity. Plaintiff may, in the alternative, voluntarily dismiss those Defendants from the Complaint by submitting such a request in writing. Plaintiff is warned that his failure to timely respond to the Order may result in those Defendants being dismissed for the reasons discussed above.

Plaintiff is also advised that there are three federal "pro se" clinics in this district. The clinics offer on-site information and guidance to individuals who are representing themselves (proceeding pro se) in federal civil actions. The clinics are administered by nonprofit law firms, not the Court. The clinic located closest to Plaintiff's address of record is in the United States Courthouse at 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, CA 90012. Clinic hours are Monday, Wednesdays, and Fridays from 9:30 a.m. to noon and from 2 to 4 p.m. Useful information is also available on the Court's website, http://court.cacd.uscourts.gov/cacd/ProSe.nsf/.

Dated: April 18, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge